[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff requests the court to issue a prejudgment remedy of attachment to secure a claim against the defendant for reimbursement of payments made under indemnity agreements which the plaintiff made with a third party for the benefit of the defendant. Because the plaintiff expects that it will be required to pay the full amount of the guarantees, it also seeks CT Page 10304 to recover the balance of the guaranteed amount. The court concludes that the plaintiff has established probable cause for a claim for the amount already paid but has failed to establish a claim for the full amount of the guarantee.
The non-hearsay evidence shows that the plaintiff incurred a loss by reason of giving guarantees to a bank in connection with the defendant's placing a stake with The Society and Council of Lloyd's. The defendant, as a member of Lloyd's, was required to provide security to Lloyd's for his underwriting activities. When the defendant first became a name with Lloyd's, he satisfied the security requirement by providing a guarantee from an American bank. When the defendant became employed by the plaintiff in London, he satisfied the security requirement with Lloyd's by providing a guarantee from a London bank, ANZ Grindlays Bank p.l.c. In order to induce Grindlay's into giving the guarantee, the plaintiff gave a counter indemnity to Grindlay's. Under the terms of the counter indemnity, the plaintiff agreed to indemnify Grindlay's against any loss Grindlay's might incur by reason of Lloyd's making demand on Grindlay's. The counter indemnity was initially for *#*70,000. It was later increased to *#*90,000 by agreement of the plaintiff and defendant. When Lloyd's suffered underwriting losses, it sought reimbursement from Grindlay's. Grindlay's in turn sought reimbursement from the plaintiff. Thus far, the plaintiff has paid *#*31,048 to Grindlay's and has set aside *#*58,951 for the uncalled portion of the guarantee.
The plaintiff claims, inter alia, that the defendant has benefited from the plaintiff's counter guarantee and, further that the defendant agreed to provide a substitute guarantee and thereby release the plaintiff from its obligations. The defendant, on the other hand, claims that he never acknowledged his individual liability and that the counter guarantee was provided as an employee perquisite.
The plaintiff has shown it has a restitutional claim under equitable principles for *#*38,048. Burns v. Koellmer, 11 Conn. App. 375,381-387 (1987). The plaintiff has failed, however, to show an agreement by the defendant to provide a substitute guarantee. Accordingly, the plaintiff has only a restitutional claim for *#*38,041. The exchange rate is presently $1.70 to *#*1.
A prejudgment remedy of attachment may issue to secure the amount of $75,000.
THIM, JUDGE CT Page 10305